IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SHIRLEY HALL, | ) |
| | ) JURY TRIAL DEMANDED |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| VIVE FINANCIAL, LLC and EQUIFAX INFORMATION SERVICES, LLC, | ) ) |
| | ) |
| Defendants. | ) |
| | ) |

<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

## I. INTRODUCTION

1. This is an action for actual, statutory, and punitive damages brought by Plaintiff Shirley Hall, an individual consumer, against Defendants, Vive Financial, LLC ("Vive"), and Equifax Information Services, LLC ("Equifax"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter "FCRA").

## II. JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1391(d), in that this dispute involves predominant issues of federal law.

1

3. Defendant is liable unto Plaintiff pursuant to the provisions of the "Fair Credit Reporting Act," 15 U.S.C. § 1681, *et seq.* Venue in this District is proper in that the Defendants transact business in Georgia, and the conduct complained of occurred in Georgia.

## III. TRIAL BY JURY

4. Plaintiff, Shirley Hall, is entitled to and hereby requests a trial by jury. U.S. Const. amend. 7, Fed. R. Civ. Pro. 38.

## IV. PARTIES

5. Plaintiff Shirley Hall, is a natural person residing in Harford County, Maryland.

6. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

7. Vive Financial, LLC ("Vive") is a Delaware corporation.

8. Vive is "furnisher of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) *et seq.*

9. Vive is a "person" as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a.

10. Vive is a "user" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

11. Defendant Equifax Information Services, LLC, is a limited liability company organized under the laws of and registered to do business in Georgia.

12. Defendant Equifax Information Services, LLC is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

13. Equifax is also a "person" as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a.

14. Defendant Equifax prepared and issued credit reports concerning Plaintiff that included inaccurate information.

15. Upon information and belief, Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

16. Upon information and belief, Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis to furnish consumer reports to third parties bearing on a consumer's creditworthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## PRELIMINARY STATEMENT

Consumer Reporting "Inquiries"

17. An "inquiry" is a record that identifies the person or business that obtained a consumer's credit report from a consumer reporting agency, that

person or business's address, and the date on which the person or business acquired the consumer's credit report.

18. Because inquiries identify the persons and businesses from whom the subject of a credit report has sought credit and how often that consumer seeks credit, they are a part of the consumer's credit history and included in that consumer's credit report.

19. Inquiries generally have a negative impact on a consumer's credit score (i.e., the more inquiries, the lower the score) because scoring programs consider consumers who make multiple applications for credit riskier than consumers who do not.

20. Like other items on consumer reports, inquiry information is often inaccurate, and inquiries may appear on a consumer's credit report notwithstanding the fact that the consumer did not actually seek credit. This can occur when, for example, a consumer reporting agency provides a consumer's report to a creditor who requested a report on a different person who may have a similar name or in cases of fraud or unauthorized access.

21. Including inaccurate inquiries or inquiries that do not belong to the consumer who is the subject of the credit report misrepresent the consumer's true credit history, unfairly lowering the consumer's credit score.

Consumers' Rights to Dispute

22.     To combat the problems noted above, Congress included a mechanism in the FCRA by which consumers may dispute inaccurate or incomplete information in their credit files.

23.     When a consumer notifies a consumer reporting agency that he or she disputes "the completeness or accuracy of any item of information contained in [his or her] file," the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days of receiving the consumer's dispute. 15 U.S.C. § 1681i(a)(1)(A) (emphasis added).

24.     As part of the reinvestigation, a consumer reporting agency must "provide notification of the dispute to any person who provided any item of information in dispute," and the notice must "include all relevant information regarding the dispute that the agency has received from the consumer. . ." 15 U.S.C. § 1681i(a)(2)(A).

25.     Contacting the source of the disputed information is critical to a reasonable reinvestigation. When, for example, the wrong consumer's report was provided to the source of the disputed information, the source may know it received a report pertaining to a consumer who is not the person with whom it was dealing. consumer reporting agencies can also compare the identifying information of the consumer whose report was in fact provided with the

identifying information in the possession of the source who requested the credit report.

26. This case is about a consumer reporting agency's failure to fulfill its statutory duties with respect to consumer disputes of inquiry information.

## IV. FACTS OF THE COMPLAINT

27. On or about July 19, 2024, Ms. Hall obtained a copy of her consumer report.

28. On the credit report, Ms. Hall observed an inquiry from Vive Financial, LLC.

29. Ms. Hall discovered that on or about October 18, 2023, Defendant Vive Financial, LLC improperly and impermissibly obtained Ms. Hall's credit report.

30. Ms. Hall has never applied for nor sought credit from Vive Financial, LLC.

31. On or about July 19, 2024, Ms. Hall mailed a dispute letter to Equifax, pursuant to 15 U.S.C. § 1681(i), disputing the accuracy of the information on her credit report, specifically with regard to Vive's impermissible credit pull.

32. In the letter Ms. Hall included identifying information such as her name, date of birth, social security number, and address.

33. Equifax received Ms. Hall's dispute letter but did not conduct a re-investigation of Ms. Hall's dispute, on the unauthorized inquiry with Vive Financial, LLC.

34. On or about August 1, 2024, Ms. Hall received correspondence from Equifax stating that it was unable to locate her credit file.

35. On or about August 5, 2024, Ms. Hall mailed a second dispute letter to Equifax, notifying it of the unauthorized inquiry and requesting Equifax remove it from Ms. Hall's credit report.

36. In the letter Ms. Hall again included identifying information such as her name, date of birth, social security number, and address.

37. Equifax received Ms. Hall's dispute letter but did not conduct a re-investigation of Ms. Hall's dispute, on the unauthorized inquiry with Vive Financial, LLC.

38. Also, on August 5, 2024, Ms. Hall checked her Equifax credit report and noticed that Equifax was still reporting the unauthorized inquiry on her report.

39. On or about August 13, 2024, Ms. Hall received additional correspondence from Equifax stating that it was unable to locate her credit file.

40. It again instructed her to provide her name, date of birth, social security number, and address.

41. On or about August 23, 2024, Ms. Hall mailed a third dispute letter to Equifax, notifying it of the unauthorized inquiry and requesting Equifax remove it from Ms. Hall's credit report.

42. On or about September 2, 2024, Ms. Hall received reinvestigation results from Equifax and was told that the inquiry was factual and would remain on her Equifax credit file for two years from the reported date of the inquiry.

43. The credit inquiry is still listed on Ms. Hall's report.

44. As a direct and proximate result of Equifax's refusal to conduct a proper investigation of Ms. Hall's dispute of Vive Financial, LLC impermissible credit pull, Ms. Hall suffered without limitation, the following injuries:

   A. The continued presence of the Vive inquiry on Ms. Hall's credit report and the corresponding reduction of Ms. Hall credit score;

   B. Distress from getting the run around from Equifax concerning the investigation her disputes; and

   C. Lost time and resources expended in connection with ignored disputes of the Vive inquiry to Equifax and Vive.

45. As a result of the actions and inactions of Defendants, Ms. Hall suffered damages, including *but not limited to*, mental and emotional distress, increased cost of credit, and invasion of privacy.

## V. FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681e(b)
## (Defendant Equifax only)

46. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

47. Defendant Equifax has violated 15 U.S.C. § 1681e(b) in that they failed to maintain a procedure designed to assure maximum possible accuracy.

48. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

49. Defendant Equifax has done so either negligently or willfully.

50. Plaintiff is entitled to actual or statutory damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

51. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## VI. SECOND CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(2)
## (Defendant Equifax only)

52. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

53. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

54. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

55. Defendant Equifax has done so either negligently or willfully.

56. Plaintiff is entitled to actual damages or statutory damages, punitive damages, and costs pursuant 15 U.S.C. § 1681n.

57. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VII. THIRD CLAIM FOR RELIEF
## 15 U.S.C. § 1681i(a)(4)
## (Defendant Equifax only)

58. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

59. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

60. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Plaintiff.

61. Defendant Equifax has done so either negligently or willfully.

62. Plaintiff is entitled to actual or statutory damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

63. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(5)
### (Defendant Equifax only)

64. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

65. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

66. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

67. Defendant Equifax has done so either negligently or willfully.

68. Plaintiff is entitled to actual or statutory damages, punitive damages, and costs pursuant 15 U.S.C. § 1681n.

69. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)
### (Defendant Equifax only)

70. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

71. Defendant Equifax has violated 15 U.S.C. § 1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

72. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

73. Defendant Equifax has done so either negligently or willfully.

74. Plaintiff is entitled to actual or statutory damages, punitive damages, and costs pursuant 15 U.S.C. § 1681n.

75. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

### X. SIXTH CLAIM FOR RELIEF
### 15 U.S.C. §1681b
### (Defendant Equifax only)

76. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

77. Defendant Equifax has violated 15 U.S.C. § 1681b because it furnished Plaintiff's consumer report to Vive without having reason to believe that the Comptroller had a permissible purpose to receive Plaintiff's consumer report.

78. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

79. Defendant Equifax has done so either negligently or willfully.

80. Plaintiff is entitled to actual or statutory damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

81. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## XI. SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681b
### (Defendant Vive only)

82. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

83. Vive violated 15 U.S.C. § 1681b because it had no permissible use of or access to Plaintiff's consumer report.

84. Defendant Vive has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

85. Defendant Vive has done so either negligently or willfully.

86. Plaintiff is entitled to actual or statutory damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

87. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff Shirley Hall respectfully requests that this Honorable Court enter judgment in favor of Plaintiff Shirley Hall and against Defendants Vive Financial, LLC and Equifax Information Services, LLC for the following:

a. Judgment that Defendants violated the FCRA;

b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Attorney's Fees, Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**Law By JW, LLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@lawbyjw.com

By: _____

JEFFREY A. WILSON